IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NITHYA VINAYAGAM,
*Pro se* Plaintiff,

v.                                                        Civil Action No. 3:22cv6 (DJN)

AJAY KUMAR MALPANI *et al.,*
Defendant.

## **MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's Response to the Court's Order Granting the Defendant's Motion to Dismiss (ECF No. 15) and Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 16).  For the reasons set forth below, the Court will DENY Plaintiff's Motions.

On July 29, 2022, the Court issued its Memorandum Order (the "Order") Granting Defendants' Motion to Dismiss (ECF No. 14), dismissing without prejudice — and without leave to amend — Plaintiff's Complaint (ECF No. 3).  On September 8, 2022, Plaintiff filed a Response to the Court's Order Granting the Defendant's Motion to Dismiss ("Response to the Court's Order") (ECF No. 15) and a Motion for Leave to Amend (ECF No. 16).  The Court discusses each in turn.

### ***Response to Court's Order***

Plaintiff does not specify the legal standard or Rule of Civil Procedure under which she brings her Response to the Court's Order.  Because Plaintiff proceeds *pro se*, the Court will construe the Response liberally as a motion brought pursuant to either Rule 59(e) or 60(b).  "Postjudgment relief is an extraordinary remedy," and motions filed under Rule 59(e) or 60

"should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass's for Stock Car Auto Racing*, 674 F.3d 369, 378 (4th Cir. 2012).

To the extent that the Court could construe the Response as a motion under Rule 59, the Motion would not meet the standards for relief, which allows a court to grant a motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). As a threshold matter, Plaintiff's Motion is untimely, as it was filed more than 28 days after the Court's entry of its Memorandum Order closing the case. Fed. R. Civ. P. 59(e). Moreover, Plaintiff has identified no intervening change in controlling law or new evidence warranting relief from the Order. Nor has the Court committed a clear error of law or subjected Plaintiff to manifest injustice. Accordingly, Plaintiff's Motion fails under Rule 59(e).

To the extent that the Court could construe the Response as a motion under Rule 60(b), the Motion would not meet the standards for relief under that Rule either. Fed. R. Civ. P. 60(b). Rule 60(b) allows a court to relieve a party from an order for the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;
5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,
6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has simply not identified any facts that would support reconsidering the Order for the above reasons. Rather, Plaintiff's Response "is nothing more than a request that the

2

district court change its mind." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982).

Such a request "is not authorized by Rule 60(b)." *Id.* Accordingly, Plaintiff's Motion fails under

Rule 60(b).

### *Motion for Leave to Amend*

Because the Court denies Plaintiff's Response (construed as a Rule 59 or 60 motion), the

Court must also deny Plaintiff's Motion for Leave to Amend under Rule 15 (ECF No. 16).

"[T]he district court may not grant [a] post-judgment [Rule 15(a)] motion unless the judgment is

vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Laber v Harvey*, 438 F.3d 404, 427 (4th Cir.

2006). The Court therefore denies Plaintiff's Motion for Leave to Amend.

### *Conclusion*

For the reasons set forth above, the Court hereby DENIES both (1) Plaintiff's Response

to the Court's Order (ECF No. 15) and (2) Plaintiff's Motion for Leave to Amend (ECF No. 16).

Let the Clerk file a copy of this Memorandum Opinion electronically, notify all counsel

of record and forward a copy to Plaintiff at her address of record.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Date:  September 26, 2022